**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| **EL POLLO RICO, LLC,** *et al.*, | | |
| | * | |
| **Plaintiffs,** | | |
| | * | |
| **v.** | | **Case No.: PWG 21-cv-2346** |
| | * | |
| **WINGS AND POLLO, LLC,** | | |
| | * | |
| **Defendant.** | | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

I have reviewed Plaintiffs Motion for Default Judgment, a Permanent Injunction, Attorneys' Fees, and Costs, ECF No. 11, together with the supporting documentation and record in this case.[1]  For the following reasons, Plaintiffs' motion shall be  GRANTED.

Plaintiffs, El Pollo Rico, LLC and Solano Family Restaurant, LLC, commenced this action on September 14, 2021, alleging trademark infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and Maryland common law. Compl., ECF No. 1.  Defendant, Wings and Pollo, LLC, was properly served, *see* ECF No. 6, yet failed to plead or otherwise defend.  On October 28, 2021, Plaintiffs requested leave to file a motion for entry of default, which I construed as a motion and granted.  ECF Nos. 7, 8.

The Clerk's Entry of Default was entered on November 23, 2021.  ECF No. 9.   The Defendant was sent a Notice of Default, stating:

> You have thirty (30) days from this date to file a motion to vacate the order of default. If you do not take action by this date, the Court

---

[1]      Defendant has not filed a response, and the time for doing so has passed.  *See* Loc. R. 105.2(a) (D. Md. 2021).  A hearing is not necessary.  *See* Loc. R. 105.6.

> will act promptly on any pending motions for entry of default judgment, which may result in a monetary judgment against you.

Not., ECF No. 10.  The Defendant did not file a response nor a motion to vacate the order of default.  More than 80 days later, on February 15, 2022, Plaintiffs filed the pending motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55.  Mot., ECF No. 11.

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Default judgment, however, is not automatic, and is left to the discretion of the court. *Choice Hotels Int'l., Inc. v. Jai Shree Navdurga, LLC*, Civil Action No. DKC 11-2893, 2012 WL 5995248, at *1 (D. Md. 2012).  Although the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), default judgment may be appropriate where a party is unresponsive. *See S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

In determining whether to grant a motion for default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (citing *Ryan*, 253 F.3d at 780–81). In order to do so, "the court may conduct an evidentiary hearing, or may dispense with a hearing if there is an adequate evidentiary basis in the record from which to calculate an award."  *Mata v. G.O. Contractors Grp.*, No. TDC-14-3287, 2015 WL 6674650, at *3 (D. Md. Oct. 29, 2015); *see also* Fed. R. Civ. P. 55(b).

Here, Plaintiffs claim trademark infringement under the Lanham Act and Maryland common law.  The test to establish federal trademark infringement, false designation or unfair competition, and infringement under Maryland common law are essentially the same.  *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 930 (4th Cir. 1995) (noting that the test for a false designation of origin and unfair competition claim is essentially the same as the test for trademark infringement); *Putt-Putt, LLC v. 416 Constant Friendship, LLC*, 936 F. Supp. 2d 648, 659 (D. Md. 2013) ("Under the common law of Maryland, the applicable test for unfair competition is the same likelihood of confusion test applied under the Lanham Act.").  Thus, to prevail on any of their three claims, Plaintiffs must prove that:

> (1) it owns a valid mark, (2) the Defendant[ ] "used the mark in commerce and without ... authorization," (3) the Defendant[ ] "used the mark (or an imitation of it) in . . . the sale, offering for sale, distribution or advertising of goods or services," and (4) the Defendant['s] use of the mark "is likely to confuse consumers."

*See Basile Baumann Prost Cole & Assocs. Inc. v. BBP & Assocs. LLC*, No. WDQ–11–2478, 2012 WL 2426132, at *8 (D. Md. June 19, 2012) (stating elements of Lanham Act claim) (quoting *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 152 (4th Cir. 2012))).

Plaintiffs have established they own a valid and uncontestable mark. Compl. ¶¶ 9-26, Exs. A, B.  Defendant used a confusingly similar mark for its goods or services, Compl. ¶¶ 27-42, 46-48, 52-53, 56-58. Plaintiffs also established that Defendant's use of the mark was without authorization and was knowing and willful by continuing to use the mark after receiving notice. Compl. ¶¶ 33-38; *see Chanel, Inc. v. Banks*, No. 09-cv-843-WDQ, 2011 WL 121700, at *6 (D. Md. Jan. 13, 2011) ("Willfulness may be inferred if a defendant continued the infringing behavior after receiving notice.").  Accepting as true Plaintiffs' well-pleaded allegations, I find that they have established Defendant's liability for trademark infringement under the Lanham Act and

Maryland common law, and therefore, a default judgment as to all three counts of the Complaint is proper.

"A district court has authority under the Lanham Act to grant injunctive relief to prevent further violations of a plaintiff's trademark rights." *Innovative Value Corp. v. Bluestone Financial, LLC*, No. DKC 2009–0111, 2009 WL 3348231, at *2 (D. Md. Oct.15, 2009) (citing 15 U.S.C. § 1116). Also, a court may grant an injunction in a default judgment action involving trademark infringement. *See Entrepreneur Media, Inc. v. JMD Entertainment Group, LLC*, 958 F. Supp. 2d 588, 596 (D. Md. 2013) (granting permanent injunctive relief). "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Permanent injunctive relief is appropriate where the plaintiff shows:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id.*; *see Innovative Value Corp.*, 2009 WL 3348231, at *2 (same).

First, the Lanham Act, 15 U.S.C. § 1116(a), provides that "A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection …"). Irreparable injury regularly follows from trademark infringement. *Lone Star*, 43 F.3d at 939; *see also Fairbanks Capital Corp. v. Kenney*, 303 F. Supp. 2d 583, 590 (D. Md. 2003) ("The irreparable harm to a plaintiff trademark owner arising from the conduct of an infringer is enormous, immediate, and presumed in law.").

Second, without a permanent injunction, Defendant likely will continue its unlawful use of its imitation of Plaintiffs' trademark, as Defendant already refused to stop using the mark when

Plaintiffs so requested.  Where, as here, a defendant continues to infringe upon a mark after a plaintiff issues a cease-and-desist letter, and the defendant does not enter its appearance or otherwise participate in the litigation, "further infringement is a continuing threat, making remedies at law insufficient to compensate for Plaintiffs' injuries." *Innovative Value Corp.*, 2009 WL 3348231, at *3. Therefore, the "remedies available at law, such as monetary damages, are inadequate to compensate" for Defendant's trademark infringement. *eBay*, 547 U.S. at 391.

Third, "the balance of hardships clearly tips in favor of Plaintiffs" because Defendant has "no right to operate such a similarly-named business and to hold itself out, through name, signage, or otherwise, as affiliated with Plaintiffs," and Defendant is "profiting unjustly thereby." *FleetPride, Inc. v. Fleet Care Tire and Truck Service, LLC*, 2011 WL 442051, at *4 (D.S.C., 2011). Indeed, "Defendant ['s] unauthorized use poses a threat to [Plaintiffs'] efforts and expenditures in developing goodwill in the[ir] name and brand ." *Id.*

Finally, it is in the public interest to prevent confusion. *Toolchex, Inc. v. Trainor*, No. 3:08–CV–236, 2009 WL 2244486, at *3 (E.D. Va. July 24, 2009). Moreover, "the public interest would not be disserved by a permanent injunction, as there is greater public benefit in securing the integrity of Plaintiffs' mark than in allowing Defendant to continue to use the mark in violation of Plaintiffs' rights." *Innovative Value Corp.*, 2009 WL 3348231, at *3.

Accordingly, permanent injunctive relief shall be entered by separate Order.

Plaintiffs also seek costs and fees resulting from this litigation.  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).  Plaintiffs sought damages, costs, and attorneys' fees.  Compl. 14-15.  Costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  Further, under the Lanham Act, a party

is entitled to recover costs of the action in cases of willful infringement, and the Court may award attorneys' fees to the prevailing party in "exceptional cases."  15 U.S.C. § 1117(a).

> The court may find a case exceptional when "there does not appear to be any objectively reasonable position to justify defendant's actions" and the "defendant has not litigated th[e] case in a reasonable manner considering that it has not responded at all. . . . there is a particular need to deter defendant in light of defendant's disregard for this litigation, as well as a need to compensate plaintiffs for defendant's willful infringement."

*Living Legends Awards for Service to Humanity, Inc. v. Human Symphony Foundation, Inc.*, 2017 WL 3868586, at *7 (D. Md. 2017) (quoting *Hilton Worldwide, Inc. v. Global Advertising, Inc.*, No. 1:15-CV-1001, 2016 WL 8223436 at *9 (E.D. Va. Apr. 8, 2016)).   Here, the circumstances support a finding that the case is exceptional, which authorizes an award of reasonable attorneys' fees.  Plaintiffs sought a ruling of entitlement to costs and fees but have not provided any details.  Therefore, Plaintiffs shall be awarded their reasonable costs and fees in an amount to be determined upon their petition to the Court for same within 14 days of the accompanying Order.


Date:   July 25, 2022                                    _____/S/_____
                                                         Paul W. Grimm
                                                         United States District Judge